# EXHIBIT I

## PROMISSORY NOTE

$728,808.00                                                                 March 17, 2014

FOR VALUE RECEIVED, the Connolly, Geaney, Ablitt & Willard, PC, promises to pay to the order of Equity Trust Company FBO Steven Ablitt IRA (hereinafter referred to as the "Lender" or "Holder"), in the manner hereinafter specified, at such other place as the Holder of this Note may from time to time designate, the principal sum of Seven Hundred Twenty-Eight Thousand Eight Hundred and Eight Dollars ($728,808.00), together with interest thereon, until paid in full.

The rate of interest payable hereunder shall be Six and One-Half (6.5%) per annum. Interest shall be computed on the basis of a 360-day year. The said principal and interest shall be payable in lawful money of the United States of America at the address above, or at such place as may hereafter be designated by written notice from the Lender to the maker hereof, on the date an in the manner following: Principal and interest payments of $5,433.80 each due on or before the first day of each month, beginning June 1, 2014 and continuing each month thereafter for a period of One Hundred and Eighty (180) months. Then, on June 1, 2029, simultaneously with the payment of the 180th monthly payment, the full amount of the unpaid principal, plus accumulated interest and any advances made, shall balloon and become immediately and fully due and payable without demand.

If any monthly payment to be made hereunder, whether interest, principal or both, shall not be paid when due, in addition to interest and without limiting the holder's rights arising by reason of such default, there shall be paid, upon demand, the greater of 5% of such installment or $15.00.

In case of dissolution, termination of existence, insolvency, or business failure of any of the parties to this Note (meaning thereby makers, endorsers, and guarantors), appointment of a receiver of any part of the property of any of them, levy on or attachment of any of the property of any of them, assignment for benefit of creditors by or commencement of any proceedings under the Bankruptcy Act or any insolvency law by or against any of them, or if the undersigned fails to pay any installment of principal or interest, or if there shall be a default by the undersigned or any other person under any mortgage, security agreement or undertaking securing in any way the indebtedness hereby evidenced; then the entire remaining balance shall, at the option of the holder, become immediately due and payable upon the expiration of any applicable grace period.

Any and all deposits or other sums at any time or times credited by or due from the holder and all securities or other property in possession of the holder for safekeeping or otherwise and belonging to the maker of this Note are and shall be subject to a security interest in favor of the holder to secure payment of this Note and the payment and performance of any and all other liabilities and obligations, direct or indirect, absolute or contingent, due or to become due or that may hereafter be contracted, of said maker to the holder. Upon any of the events specified above or upon non-payment of this Note or of any such liability or obligation whenever due, and at any time or times thereafter, without any demand or notice, except to such extent as notice may be

required by applicable law, the holder may sell or dispose of any or all of such securities or other property and may exercise any and all of the rights accorded the holder by the Massachusetts Uniform Commercial Code. The holder may apply or set off such deposits or other sums at any time whether or not the liability of the maker, endorser or guarantor is then due. The provisions of this paragraph are cumulative with, and not exclusive of, any other rights that the holder has with respect to such deposits, sums, securities or other property under other agreements or applicable principles of law. The holder shall have no duty to take steps to preserve rights against prior parties as to such securities or other property.

Every maker, endorser, and guarantor of this Note, or the obligation represented by this Note, waives presentment, demand, notice, protest and all other demands or notices in connection with the delivery, acceptance, performance or enforcement of this Note; and assents to any extension or postponement of the time of payment or any other indulgence, to any substitution, exchange, or release of collateral, and/or to the addition or release of any other party or person primarily or secondarily liable.

The undersigned will pay all costs and expenses of collection, including reasonable attorneys' fees, incurred or paid by the holder in enforcing this Note, to the extent permitted by law.

No delay or omission of the holder in exercising any right or remedy hereunder shall constitute a waiver of any such right or remedy. A waiver on one occasion shall not operate as a bar to or waiver of any such right or remedy on any future occasion.

The word "holder" as used in this Note shall mean the payee or endorsee of this Note who is in possession of it or the bearer if this Note is at the time payable to bearer.

This Note shall take effect as an instrument under seal.

Connolly, Geaney, Ablitt & Willard, PC

Witness: _____

By: _____
John Connolly, Jr., President and not individually

Witness: _____

_____
Steven Ablitt

2

## PROMISSORY NOTE

$227,044.64                                                                                April 16, 2014

FOR VALUE RECEIVED, the undersigned Connolly, Geaney, Ablitt & Willard, PC, promises to pay to the order of Equity Trust Company FBO Steven Ablitt IRA (hereinafter referred to as the "Lender" or "Holder"), in the manner hereinafter specified, at such other place as the Holder of this Note may from time to time designate, the principal sum of TWO HUNDRED AND TWENTY SEVEN THOUSAND AND FORTY FOUR DOLLARS AND SIXTY FOUR ($227,044.64), together with interest thereon, until paid in full. Unless sooner paid, all principal shall be due and payable on or before the 90th day following Demand.

The rate of interest payable hereunder shall be Six and One-Half (6.5%) per annum. Interest shall be computed on the basis of a 360-day year. The said principal and interest shall be payable in lawful money of the United States of America at the address above, or at such place as may hereafter be designated by written notice from the Lender to the maker hereof, on the date an in the manner following: Principal and interest payments of $1,580.02 each due on or before the first day of each month, beginning December 1, 2014 and continuing each month thereafter for a period of One Hundred and Eighty (180) months. Then, on December 1, 2029, simultaneously with the payment of the 180th monthly payment, the full amount of the unpaid principal, plus accumulated interest and any advances made, shall balloon and become immediately and fully due and payable without demand.

If any monthly payment to be made hereunder, whether interest, principal or both, shall not be paid when due, in addition to interest and without limiting the holder's rights arising by reason of such default, there shall be paid, upon demand, the greater of 5% of such installment or $15.00.

In case of dissolution, termination of existence, insolvency, or business failure of any of the parties to this Note (meaning thereby makers, endorsers, and guarantors), appointment of a receiver of any part of the property of any of them, levy on or attachment of any of the property of any of them, assignment for benefit of creditors by or commencement of any proceedings under the Bankruptcy Act or any insolvency law by or against any of them, or if the undersigned fails to pay any installment of principal or interest, or if there shall be a default by the undersigned or any other person under any mortgage, security agreement or undertaking securing in any way the indebtedness hereby evidenced; then the entire remaining balance shall, at the option of the holder, become immediately due and payable upon the expiration of any applicable grace period.

Any and all deposits or other sums at any time or times credited by or due from the holder and all securities or other property in possession of the holder for safekeeping or otherwise and belonging to the maker of this Note are and shall be subject to a security interest in favor of the holder to secure payment of this Note and the payment and performance of any and all other liabilities and obligations, direct or indirect, absolute or contingent, due or to become due or that may hereafter be contracted, of said maker to the holder. Upon any of the events specified above or upon non-payment of this Note or of any such liability or obligation whenever due, and at any

time or times thereafter, without any demand or notice, except to such extent as notice may be required by applicable law, the holder may sell or dispose of any or all of such securities or other property and may exercise any and all of the rights accorded the holder by the Massachusetts Uniform Commercial Code. The holder may apply or set off such deposits or other sums at any time whether or not the liability of the maker, endorser or guarantor is then due. The provisions of this paragraph are cumulative with, and not exclusive of, any other rights that the holder has with respect to such deposits, sums, securities or other property under other agreements or applicable principles of law. The holder shall have no duty to take steps to preserve rights against prior parties as to such securities or other property.

Every maker, endorser, and guarantor of this Note, or the obligation represented by this Note, waives presentment, demand, notice, protest and all other demands or notices in connection with the delivery, acceptance, performance or enforcement of this Note; and assents to any extension or postponement of the time of payment or any other indulgence, to any substitution, exchange, or release of collateral, and/or to the addition or release of any other party or person primarily or secondarily liable.

The undersigned will pay all costs and expenses of collection, including reasonable attorneys' fees, incurred or paid by the holder in enforcing this Note, to the extent permitted by law.

No delay or omission of the holder in exercising any right or remedy hereunder shall constitute a waiver of any such right or remedy. A waiver on one occasion shall not operate as a bar to or waiver of any such right or remedy on any future occasion.

The word "holder" as used in this Note shall mean the payee or endorsee of this Note who is in possession of it or the bearer if this Note is at the time payable to bearer.

This Note shall take effect as an instrument under seal.

Witness: _____

_____
Connolly, Geaney, Ablitt & Willard, PC
Vice President: Kevin P. Geaney

Witness: _____

_____
Steven Ablitt

2

## PROMISSORY NOTE

$700,000.00                                                                                  Woburn, Massachusetts
                                                                                             April 1, 2013

    FOR VALUE RECEIVED, the undersigned ABLITT SCOFIELD, P.C. (hereinafter referred to as the "Debtor"), promises to pay to the order of Steven A. Ablitt or their heirs, assigns, or nominees (hereinafter referred to as the "Creditor"), or at such other place as the holder of this Note may from time to time designate, the principal sum of SEVEN HUNDRED THOUSAND DOLLARS ($700,000.00).

    The rate of interest to accrue hereunder shall be two (2%) percent per annum. Interest shall be computed on the basis of a 360-day year.

    There shall be no accrual of interest and/or requirement of regular or scheduled payment of principal and or interest until April 1, 2015.

    On April 1, 2015, provided that neither Connolly and Geaney, LLC (the "LLC") nor Ablitt Scofield, PC (the "PC") shall have exercised the rights that the LLC and/or the PC have to cause the LLC and the PC to withdraw from the relationship referred to and established pursuant to the terms of a certain Business Transition Memorandum of Agreement (the "Memorandum") executed effective April 1, 2013 (said Memorandum being incorporated herein by referenced), then this note shall automatically convert into a direct reduction ten (10) year term note with the interest thereafter to accrue at two percent (2%) and with regular monthly payments of $6,440.94 commencing on May 1, 2015 and continuing on the first day of each month thereafter until the said note is paid in full.

    In case of dissolution, termination of existence, insolvency, or business failure of any of the parties to this Note (meaning thereby makers, endorsers, and guarantors), appointment of a receiver of any part of the property of any of them, levy on or attachment of any of the property of any of them, assignment for benefit of creditors by or commencement of any proceedings under the Bankruptcy Act or any insolvency law by or against any of them, or if the undersigned fails to pay any installment of principal or interest, or if there shall be a default by the undersigned or any other person under any mortgage, security agreement or undertaking securing in any way the indebtedness hereby evidenced; then the entire remaining balance shall, at the option of the holder, become immediately due and payable upon the expiration of any applicable grace period.

    Every maker, endorser, and guarantor of this Note, or the obligation represented by this Note, waives presentment, demand, notice, protest and all other demands or notices in connection with the delivery, acceptance, performance or enforcement of this Note; and assents to any extension or postponement of the time of payment or any other indulgence, to any substitution, exchange, or release of collateral, and/or to the addition or release of any other party or person primarily or secondarily liable.

    The undersigned will pay all costs and expenses of collection, including reasonable attorneys' fees, incurred or paid by the holder in enforcing this Note, to the extent permitted by law.

No delay or omission of the holder in exercising any right or remedy hereunder shall constitute a waiver of any such right or remedy. A waiver on one occasion shall not operate as a bar to or waiver of any such right or remedy on any future occasion.

The word "holder" as used in this Note shall mean the payee or endorsee of this Note who is in possession of it or the bearer if this Note is at the time payable to bearer.

This Note shall take effect as an instrument under seal.

ABLITT SCOFIELD, PC

Witness:

By: _____
Steven A. Ablitt, Esquire
President and Treasurer

_____
Robert Feige