## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | * | Case No. 14-14164 |
| | * | |
| CONNOLLY GEANEY ABLITT & | * | Chapter 7 |
| WILLARD, P.C. | * | |
| | * | |
| Debtor | * | |
| | * | |

### MOTION OF SELECT PORTFOLIO SERVICING, INC., FOR RELIEF FROM STAY TO PURSUE CLAIM COVERED BY PROFESSIONAL LIABILITY INSURANCE

Now comes Movant Select Portfolio Servicing, Inc., on behalf of itself and as servicing agent and attorney-in-fact for Wells Fargo Bank, N.A. as Trustee for the Holders of the SASCO 2007-MLNl Trust Fund (collectively "Movant"), by and through its undersigned counsel, and hereby moves pursuant to 11 U.S.C. § 362(d), for relief from the automatic stay to enable Movant to (i) prosecute and liquidate its professional negligence claim against the Debtor Connolly Geaney Ablitt & Willard, P.C. (the "Debtor") through settlement or judgment in the appropriate state court; and (ii) collect any such liquidated claim from the proceeds of any applicable insurance policy or policies. In support of this Motion, Movant respectfully states:

### MEMORANDUM IN SUPPORT

**A.    JURISDICTION AND VENUE**

1. This court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3. Venue of this case and this Motion is proper in this court under 28 U.S.C. § 1408 and 1409.

4. The legal basis for this Motion is 11 U.S.C. § 362(d).

{K0603691.1}

**B.    BACKGROUND**

5. Select Portfolio Servicing, Inc. ("SPS") is servicing agent and attorney-in-fact for holders of mortgages, including but not limited to, Wells Fargo Bank, N.A. as Trustee for the Holders of the SASCO 2007-MLNl Trust Fund (the "Trust").

6. In its ordinary course of business, SPS retains various law firms in connection with mortgage default matters, including, among other things, the conduct of residential foreclosures and representation in various related bankruptcy cases and litigation (the "Legal Services").

7. SPS, on behalf of the Trust, retained the Debtor to perform certain Legal Services with respect to real property located at 13 Lakeshore Drive, Sturbridge, MA (the "Property").

8. During its representation of SPS and the Trust with respect to the Property, Movant asserts that the Debtor negligently failed to properly conduct a foreclosure sale and then negligently caused the Trust to execute a quitclaim deed, which resulted in the Trust losing its lien with respect to the Property and further resulted in damages in the approximate amount of at least $516,638.62 (the "Tort Damages").

9. Upon information and belief, the Debtor had professional liability insurance in full force and effect at the time the Tort Damages were incurred.

10. Upon further information and belief, permitting Movant to proceed in a state court civil lawsuit will in no way affect or diminish the Debtor's bankruptcy estate because the Debtor's insurer will be required to defend and indemnify the Debtor, and will cover costs of litigation.

**C.    RELIEF REQUESTED**

11.    Movant respectfully requests this Court to enter an order lifting the automatic stay to allow Movant to proceed with all action necessary to recover the Tort Damages from Debtor's insurer, including if needed to commence a lawsuit against Debtor as a nominal party in the appropriate state court.

**D.    BASIS FOR RELIEF**

12.    11 U.S.C. § 362(d) provides as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including lack of adequate protection of an interest in property of such party interest; . . . .

11 U.S.C. § 362(d)(1).

13.    Sufficient cause exists under 11 U.S.C. § 362(d) to lift the automatic stay as Movant requests.  Movant has suffered injury as a result of the negligence of the Debtor and, upon information and belief, Movant's claim is covered by professional liability insurance coverage.  See Collier on Bankruptcy, ¶ 362.07[3][a] (16th Ed., 2015) ("A party may also seek relief from the stay when the party needs to obtain a judgment against the debtor in name only in order to recover from the debtor's insurer").

14.    The Debtor will suffer little prejudice if Movant is permitted to proceed with an action to recover the Tort Damages through the applicable policy of insurance, as Movant expects the liability insurer will defend and indemnify the Debtor. See In re Bock Laundry Machine Co., 37 B.R. 564 (lifting automatic stay and giving little weight to any hardship imposed by debtors' expected participation in the defense of personal injury claim); Owaski v.

Jet Florida Systems, Inc. (In re Jet Florida Systems, Inc.), 883 F.2d 970 (11th Cir. 1989) (permitting tort claimant to proceed against insurer and debtor, as nominal defendant, despite plan injunction because plan injunction does not protect those vicariously liable along with the debtor); Collier on Bankruptcy, ¶ 362.07[3][a] (16th Ed., 2015) ("Because the policy proceeds will be available only to … claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy.")

E.     **NO PRIOR REQUEST**

15.    No prior motion for the relief requested herein has been made to this or any other court.

**WHEREFORE**, Select Portfolio Servicing, Inc., on behalf of itself and as servicing agent and attorney-in-fact for Wells Fargo Bank, N.A. as Trustee for the Holders of the SASCO 2007-MLNl Trust Fund respectfully requests this Court to enter an order substantially in the form attached hereto, pursuant to 11 U.S.C. § 362(d), granting relief from the automatic stay to proceed with all necessary action to recover under a policy of professional liability insurance covering Debtor including, if necessary, to commence suit and pursue a judgment in the appropriate state court.

Respectfully submitted,

**SELECT PORTFOLIO SERVICING, INC.,**

By its attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (BBO # 600069)
Stephen I. Hansen (BBO #679134)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA 02110-2602
Telephone: 617.342.6800
Facsimile: 617.342.6899
pcarr@eckertseamans.com
shansen@eckertseamans.com

Dated: September 25, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Date: September 25, 2015        /s/ Peter F. Carr, II
                                Peter F. Carr, II

# Proposed Order

{K0603691.1}

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IN RE: | * | Case No. 14-14164 |
| | * | |
| CONNOLLY GEANEY ABLITT & | * | Chapter 7 |
| WILLARD, P.C. | * | |
| | * | |
| Debtor | * | |
| | * | |

**ORDER GRANTING CREDITOR'S MOTION**
**FOR RELIEF FROM AUTOMATIC STAY**

Before the Court is the Motion for Relief from Stay to Pursue Claim Covered by Professional Liability Insurance ("Motion") filed by Movant Select Portfolio Servicing, Inc., on behalf of itself and as servicing agent and attorney-in-fact for Wells Fargo Bank, N.A. as Trustee for the Holders of the SASCO 2007-MLNl Trust Fund (collectively, "Movant"). The Motion was filed pursuant to 11 U.S.C. § 362(a). This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The Court, having considered the Motion, and upon due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. Movant is granted relief from the automatic stay for cause pursuant to 11 U.S.C. §362(d) to: (i) prosecute and liquidate its professional liability claim against the Debtor through settlement or judgment in the appropriate state court; and (ii) collect any such liquidated claim from the proceeds of any applicable insurance policy or policies.

2. No further order from this Court is necessary to approve or finalize any settlement of the professional negligence claims of the Movant; provided, that any distribution to

{K0603691.1}

Movant on account thereof occurs only from proceeds of the Debtor's applicable professional liability insurance.

       3.       The Court retains jurisdiction over any disputes that may arise concerning the interpretation of this Order.

**SO ORDERED.**

_____
(Feeney, J.)

Dated: _____