**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)**

| | |
|---|---|
| In re<br><br>CONNOLLY GEANEY ABLITT & WILLARD, PC,<br><br>Debtor | Chapter 7<br>Case No. 14-14164 (JNF) |

**ASSENTED TO MOTION BY WACHOVIA BANK OF DELAWARE, N.A.
FOR RELIEF FROM THE AUTOMATIC STAY**

**INTRODUCTION**

Wells Fargo Bank, N.A., successor by merger to Wachovia Bank of Delaware, N.A. ("Wachovia"), hereby moves pursuant to Sections 362(d)(1) and (2) of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. ("Bankruptcy Code"), Rules 4001(a) and 9014 of the Federal Rules of Bankruptcy Procedure ("Fed.R.Civ.P.") and MLBR 4001-1 ("Relief Motion"), that this Court issue an order granting Wachovia relief from the automatic stay to continue its state court litigation against the above-captioned Debtor in order to liquidate its malpractice claim and pursue collection against the Debtor's malpractice insurance carrier. Wachovia has a pending suit against the Debtor in the Massachusetts Superior Court in which Wachovia has asserted claims of legal malpractice, breach of fiduciary duty, breach of contract, and indemnification/contribution against the Debtor. The Chapter 7 Trustee (as defined below) has assented to the relief requested herein by Wachovia. Finally, at the Chapter 7 Trustee's request, Wachovia has agreed to waive its claim against assets of the estate other than malpractice insurance in exchange for relief from stay.

Cause exists to grant Wachovia and/or its successors and/or assignees relief to continue the pending litigation because Wachovia meets the twelve factors set forth in *In re Concepcion*,

18651993v.7

494 B.R. 622, 625 (Bankr. P.R. 2013) (citing *Sonnax Indus., Inc. v. Tri Component Prods. Corp.* 907 F.2d 1280, 1286 (2d Cir. 1990) as discussed in further detail below. Cause also exists grant Wachovia relief from the automatic stay under 11 U.S.C. § 362(d)(1) to pursue a recovery of any judgment in the malpractice action against the Debtor's malpractice insurance policy proceeds because Wachovia would otherwise suffer substantial and irreparable harm. Relief is also proper under 11 U.S.C. § 362(d)(2) to allow Wachovia to pursue a recovery of any judgment against the Debtor's malpractice insurance policy proceeds because the Debtor has no equity in the policy's proceeds and they are not necessary for an effective reorganization.

In further support of its Relief Motion, Wachovia states as follows:

## JURISDICTION AND PARTIES

1. An involuntary petition (the "Involuntary Petition") for relief under Chapter 7 of the Bankruptcy Code was filed against the Debtor on September 3, 2014 ("Petition Date") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

2. On October 16, 2014, the Bankruptcy Court entered an Order for Relief granting the Involuntary Petition. (Docket No. 50). Thereafter, on October 20, 2014 Stewart F. Grossman was appointed as the chapter 7 trustee (the "Chapter 7 Trustee") in this case. (Docket No. 57).

3. This is a contested matter brought pursuant to 11 U.S.C. § 362(d), Federal Rules of Bankruptcy Procedure ("Rule") 4001 and 9014, and Massachusetts Local Bankruptcy Rule ("Local Rule") 4001-1. The Bankruptcy Court has subject matter jurisdiction over this Relief Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(G).

4. Venue of this Relief Motion in this district is proper under 28 U.S.C. § 1409.

2

## FACTUAL ALLEGATIONS

5. The Debtor was a law firm that represented lenders in mortgage default matters, including without limitation conducting residential non-judicial foreclosures. (See accompanying declaration of William C. Lugo ("Lugo Decl.") filed concurrently herewith, ¶ 3).

6. Wachovia claimed to be the holder of a note dated July 26, 2000 secured by a second mortgage on residential property located in Wilmington, Massachusetts. (*Id*.).

7. Wachovia retained the Debtor as its legal counsel to non-judicially foreclose the second mortgage on the property for the borrower's default. (*Id*.).

8. The property was further encumbered by a prior mortgage granted by the borrower to Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage ("WFHM"). (*Id*.).

9. On July 25, 2006, the Debtor foreclosed Wachovia's second mortgage on the property. According to the bid sheet, the high bid was in the amount of $420,000, of which approximately $166,871 was applied to satisfy Wachovia's note. However, the Debtor directed and caused the remaining proceeds to be first paid to WFHM in the amount $178,626 towards its senior note and mortgage with the balance of $74,503 to the borrower. (*Id*.).

10. Thereafter, the borrower's legal counsel served Wachovia with a Massachusetts General Laws Chapter 93A Demand Letter, asserting that Wachovia failed to tender directly to the borrower all of the surplus funds from the foreclosure sale, allegedly in violation of Massachusetts law. (*Id*. at ¶ 4, Exhibit A).

11. Based on the docket, on May 29, 2008, the borrower filed the Action Re Foreclosure Proceeds against Wachovia seeking monetary damages and reimbursement for the surplus proceeds from the foreclosure sale which the borrower alleges were improperly and

18651993v.7

unlawfully disbursed to the senior note and mortgage holder rather than to the borrower. (*Id.* at ¶ 5).

12.     The Action Re Foreclosure Proceeds was subsequently assumed by the borrower's chapter 7 trustee, Harold B. Murphy, and on June 27, 2013, a judgment was entered in favor of the borrower's chapter 7 trustee against Wachovia in the amount of $178,626.61 with interest in the amount of $108,938.72 for of total of $287,565.33 (the "Judgment"). (*Id.* at ¶ 6, Exhibit B).

13.     Wachovia has appealed the Judgment, Case No. 2013-P-1943 (the "Appellate Case"). On August 13, 2015, the Appeals Court affirmed the Judgment and Wachovia is currently liable on Judgment as a result of the Debtor's actions. Motions to reconsider and for further appellate review are pending. (*Id.* at ¶ 7).

14.     On June 1, 2009, Wachovia filed the Malpractice Action against the Debtor asserting claims for legal malpractice, breach of fiduciary duty, breach of contract, and indemnification/contribution against and alleged that (a) the Debtor's representation of Wachovia caused the borrower to bring suit against Wachovia; (b) the Debtor has a duty to reimburse Wachovia for any defense costs; and (c) even though Wachovia denies any liability to the borrower on a number of grounds, any amount of the Judgment Wachovia has to pay in the Action Re Foreclosure Proceeds is owed by the Debtor. (*Id.* at ¶ 8, Exhibit C).

15.     On March 8, 2011, the Debtor filed a third party complaint (the "Third Party Complaint") against Marc D. Schulze and John M. Welch (the "Third Party Defendants") in the Malpractice Action alleging claims of contribution from the Third Party Defendants, common law indemnity, and negligence and misrepresentation. (*Id.* at ¶ 9, Exhibit D).

4

16.     On April 15, 2011, the Debtor amended the Third Party Complaint to assert these claims against the Law Offices of Marc D. Schulze together with John M. Welch, instead of Marc D. Schulze individually.  (*Id.* at ¶ 10, Exhibit E).

17.     The Malpractice Action was stayed pending the result of the Action Re Foreclosure Proceeds.   (*Id.* at ¶ 11, Exhibit F).

18.     12.     The Malpractice Action was still pending as of the Debtor's bankruptcy petition date.  (*Id.* at ¶ 12).

19.     The Debtor carries legal malpractice insurance, which covers Wachovia's claim and the Debtor's defense, through a claims-made policy with Liberty Insurance Underwriters, Inc.  (*Id.* at ¶ 13, Exhibit G).

20.     Wachovia seeks relief from the automatic stay in order to pursue recovery against the Debtor's malpractice insurance carrier.  As set forth above, the Chapter 7 Trustee assents to the relief requested herein by Wachovia.

21.     At the Chapter 7 Trustee's request, Wachovia has agreed to waive its claim against assets of the estate other than malpractice insurance in exchange for relief from stay.

## **LEGAL ARGUMENT**

22.     As forth in further detail below, Wachovia is entitled to relief from the automatic stay to continue the Malpractice Action for the purpose of liquidating its claim and pursuing recovery against the Debtor's malpractice insurance carrier under the Debtor's malpractice insurance policy.  Upon grant of relief, Wachovia will waive its claim against the assets of the bankruptcy estate other than malpractice insurance.

23.     Relief from the automatic stay to allow Wachovia to continue the Malpractice Action in state court to liquidate its claim and to pursue a recovery against the malpractice

5

insurance policy is warranted under Sections 362(d)(1)and (2) of the Bankruptcy Code which provides, in relevant part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay –
>
> (1)   for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)   with respect to a stay of an act against property under subsection (a) of this section, if –
>   (A)   the debtor does not have equity in such property; and
>   (B)   such property is not necessary to an effective reorganization.

*See* 11 U.S.C. § 362 (d)(1) and (2).

### A. **Relief Pursuant to § 362(d)(1) is Warranted to Allow the Malpractice Action to Proceed.**

24.   The bankruptcy code does not define the term "for cause" for purposes of granting relief under 11 U.S.C. § 362(d)(1). However, in deciding whether to lift the automatic stay in order to allow pre-petition litigation to continue to completion in another tribunal, the courts consider the following 12 factors:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10)  the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

18651993v.7

*In re Concepion*, *supra*, 494 B.R. at 625 (citing *Sonnax Inds., Inc.*, *supra*, 907 F.2d at 1286). *See also In re Godt*, 282 B.R. 577 (Bankr. E.D.N.Y. 2002) (applying the factors from *Sonnax Inds., Inc.*, *supra*, 907 F.2d at 1286 (2d Cir. 1990), and sustaining the bankruptcy court's order to lift the stay to allow debtor's former clients to proceed with their malpractice claims in state court).

25. The application of these factors supports lifting the stay to allow Wachovia to continue the Malpractice Action. As to the first factor, whether relief would result in a partial or complete resolution of the issues, continuing the Malpractice Action would fix the amount of Wachovia's claim thereby resolving the issue. As to the second factor, the continuation of the Malpractice Action will not interfere with this bankruptcy case and there is no reason to believe otherwise. Wachovia seeks to continue the Malpractice Action in order to liquidate its claim and pursue a recovery against the insurance proceeds, including indemnification. It is expected that the malpractice insurance carrier will continue to provide the defense of the Debtor. For the third factor, the proceedings involve the Debtor's role as a fiduciary because the Malpractice Action involves the Debtor's conduct as an attorney and legal advisor to Wachovia. As for the fourth factor, although the state court is not a specialized tribunal, it has the necessary experience to hear the Malpractice Action as Wachovia's claims and the Debtor's claims raised in the Third Party Complaint are based on state common law. As to the fifth factor, whether the Debtor's insurer has assumed full responsibility for a defense, Wachovia notes that upon information and belief that the malpractice insurance provider has assumed responsibility for the Debtor's defense. As to the sixth factor, whether the action primarily involves third parties, the Malpractice Action involves parties beyond the Debtor, such as the Third Party Defendants

7

against whom the Debtor filed the Third Party Complaint as well as the borrower's chapter 7 trustee in the Action Re Foreclosure Proceeds.

26. As for the seventh factor, litigation in another forum would not prejudice creditors, because any defense would continue to be covered by the Debtor's malpractice insurance provider, not the Debtor. As for the eighth factor, Wachovia's claim is not subject to equitable subordination, and its claim to estate assets other than insurance will be waived in any event. As for the ninth factor, Wachovia's success in the Malpractice Action would not result in an avoidable judicial lien. As discussed further below, to the extent Wachovia is successful in obtaining a judgment against the Debtor, it would seek to recover against available insurance proceeds and not against the estate. The tenth factor also supports granting stay relief in that the interests of judicial economy would be better served by having the state court decided the Malpractice Action. The Malpractice Action has been before the state court since June 2009 and the issues involve state law and also involves the Third Party Defendants, who have been sued by the Debtor as part of the Debtor's defense. Regarding the eleventh factor, the Malpractice Action will soon be in a position to move forward once a decision is rendered in the Appellate Case reconsidering the Judgment or granting further review. Finally, the twelfth and final factor on impact of the stay and balancing of the harms weighs in favor of granting relief. Wachovia is currently defending itself in the Action Re Foreclosure Proceeds brought by the borrower as a result of the Debtor's actions and Wachovia is entitled to indemnity and defense from the Debtor, the Third Party Defendants and the Debtor's insurer. Lifting the stay is necessary to resolve to determine the liability of the Debtor and the Third Party Defendants.

8

27. For the reasons stated above, cause exists such that relief from the automatic stay should be granted under Section 362(d)(1) to allow Wachovia to continue the Malpractice Action in order to liquidate its claim.

**B.** **Relief Pursuant to § 362(d)(1) is Warranted to Allow Wachovia to Proceed Against the Proceeds of the Debtor's Insurance Policy.**

28. Relief should also be granted under 11 U.S.C. § 362(d)(1) to allow Wachovia to proceed against the proceeds of the Debtor's malpractice insurance policy.

29. "The majority view is that insurance policies are property of the bankruptcy estate and protected by the automatic stay provisions of Section 362(a)(3) of the Code." *In re CyberMedica, Inc.*, 280 B.R. 12, 16 (Bankr. D. Mass. 2002) (citing *MacArthur Co. v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 837 F.2d 89, 92 (2d Cir. 1988).

30. However, whether the proceeds of any insurance policy is property of the estate is a separate analysis. "[A] distinction must be made between the [p]olicy itself and the proceeds payable thereunder, as ownership of one does not necessarily entail ownership of the other." *In re Wiesner*, 267 B.R. 32 (Bankr. D. Mass. 2001) (citing *In re Goodenow*, 157 B.R. 724, 725 (Bankr. D. Me. 1993). Proceeds of an insurance policy are property of the estate if the bankruptcy estate is worth more with the property than without. *Id.* at 17. Because a malpractice insurance policy insures the Debtor against malpractice claims, including claims for indemnity, and provides funds to pay these claims, the bankruptcy estate is worth more with it than without it and it is property of the estate.

31. Courts grant relief from the automatic stay for claimants to recover insurance proceeds where claimants may "suffer substantial and irreparable harm if prevents from exercising their rights." *CyberMedica*, 280 B.R. at 18 (permitting the officers of the debtor to obtain insurance proceeds to pay for their defense of claims covered by an insurance policy).

9

18651993v.7

32. As discussed above, Wachovia is defending itself in the Action Re Foreclosure Proceeds, which was brought against Wachovia as a result of the Debtor's negligence in representing Wachovia. The Policy provides that Liberty agrees to pay on Ablitt's behalf all damages in excess of the deductible amount ($5,000) and up to the limits of liability stated in the Declarations that Ablitt becomes legally obligated to pay. See, ¶ 2, under "Coverage" on page 1 of 13. The Judgment and decision affirming it clearly indicate that Ablitt committed malpractice by foreclosing a second mortgage, and paying off the first mortgagee from the proceeds. The insurer will should pay the damages directly Wachovia on Ablitt's behalf. Wachovia is entitled to indemnification and reimbursement for these defense costs from the Debtor through its malpractice insurance policy. The malpractice insurance policy is in place for exactly this purpose, and only this purpose and Wachovia is entitled to relief from stay to access the proceeds of this policy.

C.  **Relief Pursuant to § 362(d)(2) is Warranted to Allow Wachovia to Proceed Against the Proceeds of the Debtor's Insurance Policy.**

33. Relief should also be granted to Wachovia pursuant to 11 U.S.C. § 362(d)(2) to allow Wachovia to proceed against the proceeds of the Debtor's malpractice insurance policy as the Debtor lacks equity in the malpractice policy proceeds and the proceeds are not necessary to an effective reorganization.

34. "A bankruptcy estate can have no greater claim to the proceeds of the property of the estate than the debtor would have had outside of bankruptcy." *CyberMedica* 280 B.R. at 16 (citing *In re Wiesner*, 267 B.R. 32, 35 (Bankr. D. Mass. 2001). *See also In re Goodenow*, 157 B.R. 724, 725 (Bankr. D.Me.1993) ("[A]n estate's legal and equitable interests in property rise no higher than those of the debtor." (citations omitted)). The Debtor is only entitled to proceeds from its malpractice insurance policy in the event of a malpractice claim against the Debtor

resulting in a loss or other expenditures by the Debtor. Thus, but for Wachovia's malpractice claim, the Debtor would not otherwise entitled to the proceeds of the malpractice insurance policy and has no equity in the malpractice insurance proceeds.

35. Similarly, the proceeds of the malpractice insurance policy are not necessary to an effective reorganization. Not only are rights to proceeds of this policy limited to specific claims, this is chapter 7 bankruptcy case and reorganization is not contemplated.

36. For the reasons stated above, relief from the automatic stay should be granted under Section 362(d)(2) to allow Wachovia to proceed against the proceeds of the Debtor's malpractice insurance policy.

37. A copy of the proposed order is attached hereto.

**RELIEF REQUESTED**

WHEREFORE, Wachovia respectfully requests that this Court award the following relief:

1. Grant Wachovia and/or its successors and/or assignees relief from the automatic stay to allow it to continue the Malpractice Action currently pending in state court;

2. Grant Wachovia and/or its successors and/or assignees relief from the automatic stay to pursue any judgment Wachovia obtains in the Malpractice Action against the proceeds of the Debtor's malpractice insurance policy(ies) in satisfaction or reduction of such judgment;

3. Such other and further relief as the Court deems necessary and just.

18651993v.7

        **WACHOVIA BANK OF DELAWARE, N.A.,**

By its attorneys,

/s/ William J. Hanlon
William J. Hanlon (BBO# 551878)
David M. Bizar (BBO# 566795)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA  02210
Telephone:    617-946-4800
Telecopier:    617-946-4801
Email: whanlon@seyfarth.com
      dbizar@seyfarth.com

DATED:  September 29, 2015

18651993v.7